## SKILLMAN et v SKILLMAN et

Ohio Appeals, 1st, Dist, Hamilton Co

No 3929. Decided July 13, 1931

Carl M. Lehman, Cincinnati, for plaintiffs.

Spencer M. Jones, Cincinnati, for defendants.

428

ROSS, PJ.

In the case of **Gearhart et al v Richardson, 109 Oh St, 418,** the first paragraph of the syllabus is as follows:

"An action contruing a will creating a charitable trust is equitable in nature, and is, therefore, a chancery case within the meaning of §6, **Art IV, of the Constitution of Ohio,** as amended September 3, 1912, and appeal lies to the Court of Appeals from a decree terminating such trust."

At page 426 of the opinion it is stated:

"It has long been recognized that the jurisdiction of courts of chancery over charitable trusts has been exercised without question, and that early in English judicial history the law of charities was engrafted upon the common law, even prior to the statute of 43 Elizabeth, and that there was an inherent jurisdiction in the court of chancery over the subject of charities even before the enactment of that statute."

In **Madden, Exr. and Trustee, v Shallenberger, Gdn, et al, 121 Oh St, 401,** went still further in holding that such action was appealable if any trust feature was involved. At page 406 of the opinion the court said:

"At common law courts of chancery had jurisdiction of trusts and trust estates. Pomeroy's Equity Jurisprudence (4th Ed.), §150, 153 and 980, and, independent of the jurisdiction conferred upon the court of common pleas by §10857, GC, that Court has jurisdiction to degree a necessary and proper settlement by the trustee of a suit which threatens both the estate and the trust, and has jurisdiction to authorize the guardians, in their trust relationship to their wards, to make settlement of litigation which threatens the estates of their wards."

The Court of Appeals of the Fifth District held that "an action for construction of a will and determination of the rights of the trustee named therein is equitable in nature, and, therefore, is a chancery case, from which an appeal lies. **Beck v Alliance First National Bank, 31 Ohio Law Reporter, 213.**

And in the case of **National Exchange Bank & Trust Co., Executor, v Burriss,** decided by the Court of Appeals of the Seventh District (Judge Lloyd sitting by designation) an action to construe a will involving no trust or charitable feature was held appealable.

It will be thus seen that it has been the decided attitude of the courts to extend the right of appeal in actions involving the construction of wills.

In the instant case, should the widow remarry and the property not sold and rented, it will be necessary for the trustee to collect and distribute the income from the property.

Following the trend of the decisions, we, therefore, hold that there is at least sufficient element of trust involved in the will to justify this court in finding a chancery question to be involved, and we so hold.

The motion to dismiss the appeal will be overruled.

Coming now to a construction of the item in question:—

The widow has not remarried. If she remains unmarried, upon her death the estate will descend to the heirs of the testator, there being no provision in the will disposing of the remainder under such circumstances.

If the widow remarries, then the property is to be sold and the proceeds divided among the testator's children by his first wife. If not sold, such children shall receive the income thereof until it is sold.

While the language used is not as clear as might be desired, we think such intention sufficiently expressed.

The paramount and controlling consideration always is, what was the intention of the testator as expressed in the will—the whole will. No court, of course, can insert a provision in a will for the testator, no matter how obviously it may appear that such provision may be desired. It is specifically provided that the children of the first wife shall receive the rentals from the property if the widow remarries and the property is not sold. It would be obsurd to refuse the obvious command of the will, to divide the proceeds of sale of the property among such children when and if it is sold. The clear purpose of the testator, as expressed in the will, is to permit his

second wife to enjoy the life tenancy in the property as long as she remains **his** widow and to permit **her** children to share in the property upon her death, if she is still at that time his widow. The provision giving her children one hundred dollars each confirms this conclusion.

If she remarries it is just as clear that it was the testator's intention that the hundred dollars should represent his entire bequest to the children of his second wife.

. A decree may be entered in accordance with this construction of the will.

HAMILTON & CUSHING, JJ, concur.